**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CYNTHIA J. VICKERS,<br>        Appellant, | DOCKET NUMBER<br>AT-0842-14-0917-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: May 12, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard W. Stevens, Esquire, Washington, D.C., for the appellant.

Patrick Jennings, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The Office of Personnel Management (OPM) filed a petition for review of the initial decision in this appeal, which reversed OPM's final decision regarding the commencing date of the appellant's civil service annuity.  For the reasons set

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

forth below, we DENY OPM's petition and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In this appeal, the appellant contested the commencing date of her retirement annuity, arguing that rather than the January 1, 2011 date used by OPM, the annuity should have commenced no later than June 30, 2010. IAF, Tabs 1, 11. The administrative judge found that the appellant established jurisdiction over her appeal under 5 U.S.C. § 8461(e)(1). IAF, Tab 14, Initial Decision (ID) at 2. After holding a hearing, the administrative judge determined that the appellant established, by preponderant evidence, that she was separated as of June 30, 2010, such "that her retirement annuity should have commenced on the date commensurate with that separation date and the type of annuity to which she is entitled."[2] ID at 6.

¶3 Specifically, the administrative judge found that despite the appellant's Individual Retirement Record (IRR), which indicated that she was on the rolls of her employing agency, the Federal Deposit Insurance Corporation (FDIC), in a leave without pay status from June 30 to December 31, 2010, the preponderance of the evidence instead reflected that, pursuant to a settlement agreement between the appellant and FDIC, the appellant retired from the agency on June 30, 2010. ID at 4-5; *see* IAF, Tab 9 at 35-44, Tab 6 at 33-42. In doing so, the administrative judge relied on *Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, No. 2014-3129, 2015 WL 1061870 (Fed. Cir. Mar. 12, 2015), in which the Board determined that, consistent with controlling U.S. Court of Appeals for the Federal Circuit precedent, it "has jurisdiction to review the accuracy and completeness of IRRs in the context of appeals from OPM final decisions that rely on them." ID at 6 n.2.

---

[2] As the administrative judge noted, the record indicates that the appellant may be eligible for a retirement annuity under the provisions applicable to law enforcement officers. ID at 2 n.1.

¶4      In its timely-filed petition for review, OPM argues that the Board wrongly decided *Conner* and contends that it should be reversed. Petition for Review (PFR) File, Tab 1 at 4-5. OPM asserts that the appellant's solution is to instead seek to have FDIC correct any erroneous information in her IRR and have it submit that information to OPM for an adjustment of her annuity calculation. *Id.* at 5. The appellant responds that OPM waived its argument that *Conner* was wrongly decided because it failed to raise that argument in the appeal below. PFR File, Tab 3 at 4-7. The appellant also argues that OPM's argument on review is actually an untimely objection to the admission of evidence and that OPM's failure to either appear at the hearing on this matter or to file a brief preserving its objection to the admissibility of the appellant's evidence in the appeal below precludes its doing so for the first time on review. *Id.* at 7. He further argues that the Board correctly decided *Conner* and that the administrative judge therefore acted within his authority to consider the evidence. *Id.* at 8-11. OPM made a reply to the appellant's response. PFR File, Tab 4.

¶5      Subsequent to the issuance of the initial decision in this matter, the Board reaffirmed and applied its holding in *Conner* to consider evidence which reflected that an employee's hiring date was different than the one set forth on his IRR. *Beal v. Office of Personnel Management*, 122 M.S.P.R. 210, ¶¶ 6-8 (2015). In *Beal*, OPM asked the Board to reconsider its decision in *Conner* and the Board declined to do so on the ground that it is bound by the Federal Circuit's precedent in *Lisanti v. Office of Personnel Management*, 573 F.3d 1334 (Fed. Cir. 2009). *Beal*, 122 M.S.P.R. 210, ¶¶ 6-7. Based on our reading of *Lisanti*, as set forth in *Beal*, *id.*, the administrative judge in this appeal was well within his authority to examine the evidence before him and to determine that the appellant established by preponderant evidence her entitlement to the benefits at issue, ID at 4-6. Although OPM characterizes the evidence that the administrative judge considered in this matter to be "inferior or secondary" in comparison to the appellant's IRR, OPM does not challenge the substance of the evidence, opting to

only contest the administrative judge's authority to consider it. PFR File, Tabs 2, 4. Nevertheless, because the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions thereto, we discern no reason to disturb his findings in this matter. *See Beal*, 122 M.S.P.R. 210, ¶ 8 (citing *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so) and *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997)).

## ORDER

¶6        We ORDER the Office of Personnel Management (OPM) to recompute the appellant's civil service annuity and to adjust the commencing date of the appellant's annuity commensurate with a separation date of June 30, 2010. OPM must complete this action no later than 20 days after the date of this decision.

¶7        We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶8        No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono (free of charge) representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:           _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.